UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60318-BLOOM/Valle

**RICHARD LOWRY**,

    Plaintiff,

v.

**THE FRESH MARKET, INC.**,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant The Fresh Market, Inc. ("Defendant") Motion to Dismiss Plaintiff Richard Lowry's ("Plaintiff") Complaint for failure to state a claim, ECF No. [4] ("Motion"). Alternatively, the Motion requests a More Definite Statement. Plaintiff originally filed this action in the Seventeenth Judicial Circuit Court of Florida, for Broward County, Florida, on January 12, 2016. *See* ECF No. [1-2] ("Complaint" or "Compl."). On February 18, 2016, Defendants filed a Notice of Removal, ECF No. [1] ("Notice of Removal"), to District Court. The Court has reviewed the Motion,[1] the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.  Background**

The Complaint asserts one count against Defendant for negligence. Plaintiff alleges that on or about March 31, 2014, he was on Defendant's premises when he "slipped and fell on a wet

---

[1] Plaintiff failed to file an answer to the Motion by the applicable response deadline pursuant to the local rules. After the response deadline, the Court entered an Order to Show Cause, ECF No. [8], providing Plaintiff with an additional opportunity to file a response to the Complaint. The Order also cautioned that, if Defendant failed to respond, it would consider the merits of the Complaint without the benefit of a response. *See id.* Nevertheless, despite this warning, Plaintiff again failed to respond to the Complaint or request additional time to do so. Accordingly, the Court considers the instant Motion without the benefit of a response.

slippery substance on the floor and or over debris located on the floor, and injured himself. Plaintiff's injuries were due to Defendant's negligence in maintaining the premises so as to allow spillage and or debris to accumulate on the floor for long periods of time, and by failing to regularly inspect the premises for such spillage and or debris and to clean same from the floor." Compl. at 3-4.  This reflects the entirety Lowry's allegations.  Defendant now seeks to dismiss the Complaint for failure to state a claim.

### II. Legal Standard

Rule 8 of the Federal Rules requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349,

1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). Accordingly, a court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). However, although a court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). The Supreme Court was clear that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. As an alternative to dismissal, Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Through this lens, the Court addresses the instant Motion.

### III. Discussion

Defendant essentially argues that the Complaint as drafted is inadequate, and the Court must agree. Plaintiff's mere two-and-a-half-page Complaint attempts to recite the elements of common law negligence without any requisite factual enhancement. A negligence claim requires a plaintiff to show that (1) defendant owes plaintiff a duty, (2) defendant breached the duty, (3) defendant's breach injured plaintiff, and "(4) [plaintiff's] damage [was] caused by the injury to the plaintiff as a result of the defendant's breach of duty." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (quoting *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011)).

Plaintiff alleges that Defendant failed to properly maintain the premises and, as a direct result, plaintiff was injured.  Beyond this vague narrative, the Court has no knowledge from the Complaint as to what actually happened on the date in question, March 31, 2014.  Plaintiff's use of generalities – "a wet slippery substance and or over debris" – as well as his use of "and or," further obfuscates the facts supporting Plaintiff's request for relief.  Compl. at 3-4.  Furthermore, Plaintiff fails to allege what type(s) of duty was owed by Defendant to him as a customer in Defendant's store.[2]  *See* Motion at 4-5.  Because Defendant does not have proper notice of Plaintiff's claims under these circumstances, the Complaint is deficient.  As a matter of law, more is needed to state a viable cause of action pursuant to Fed. R. Civ. P. 12(e).

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [4]**, is **GRANTED**.  Plaintiff is directed to file an Amended Complaint addressing the deficiencies stated herein **no later than March 31, 2016**.

**DONE AND ORDERED** in Miami, Florida, this 16th day of March, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[2] Moreover, to the extent Plaintiff intends to bring a claim pursuant to a theory of failure to warn, Plaintiff must allege a dangerous or concealed hazardous condition triggering the duty to warn.  *See, e.g.*, *St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039 (Fla. 2d DCA 2004) (duty to warn where the "dangerous condition" is concealed and: (1) was or should have been known to the landowner; (2) was unknown to the invitee; and (3) could not be discovered by the invitee through the exercise of due care).